**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ContentNexus LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Smart Advertising Technologies Limited,**<br><br>Defendant. | Case No. 2:26-cv-707<br><br>Patent Case<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff ContentNexus LLC ("Plaintiff"), through its attorneys, complains of Smart Advertising Technologies Limited ("Defendant"), and alleges the following:

## PARTIES

2. Plaintiff ContentNexus LLC is a corporation organized and existing under the laws of New Mexico that maintains its principal place of business at 1209 Mountain Rd Pl NE STE n, Albuquerque, NM 87110.

3. Defendant Smart Advertising Technologies Limited is a corporation organized and existing under the laws of Ireland that maintains an established place of business at 1st Floor, Fenward House, Arkle Road, Sandyford D18 RK25, Dublin, Ireland.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 7,818,777; 8,559,635; 8,839,293; and 10,616,638 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '777 PATENT

9. The '777 Patent is entitled "Signal processing apparatus and methods," and issued 2010-10-19. The application leading to the '777 Patent was filed on 1995-06-07. A true and correct copy of the '777 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '635 PATENT

10. The '635 Patent is entitled "Signal processing apparatus and methods," and issued 2013-10-15. The application leading to the '635 Patent was filed on 1995-05-24. A true and

correct copy of the ’635 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

**THE ’293 PATENT**

11. The ’293 Patent is entitled “Signal processing apparatus and methods,” and issued 2014-09-16. The application leading to the ’293 Patent was filed on 1995-05-19. A true and correct copy of the ’293 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

**THE ’638 PATENT**

12. The ’638 Patent is entitled “Signal processing apparatus and methods,” and issued 2020-04-07. The application leading to the ’638 Patent was filed on 1995-05-16. A true and correct copy of the ’638 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

**COUNT 1: INFRINGEMENT OF THE ’777 PATENT**

13. Plaintiff incorporates the above paragraphs herein by reference.

14. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the ’777 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the “Exemplary Defendant Products”) that infringe at least the exemplary claims of the ’777 Patent also identified in the charts incorporated into this Count below (the “Exemplary ’777 Patent Claims”) literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the ’777 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

15. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary ’777 Patent Claims, by having its employees internally test and use these Exemplary Products.

16. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

17. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the ’777 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the ’777 Patent. See Exhibit 5 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

18. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the ’777 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the ’777 Patent.

19. Exhibit 5 includes charts comparing the Exemplary ’777 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the ’777 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary ’777 Patent Claims.

20. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

21. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 2: INFRINGEMENT OF THE '635 PATENT

22. Plaintiff incorporates the above paragraphs herein by reference.

23. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '635 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '635 Patent also identified in the charts incorporated into this Count below (the "Exemplary '635 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '635 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

24. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '635 Patent Claims, by having its employees internally test and use these Exemplary Products.

25. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

26. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '635 Patent. On

information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the ’635 Patent. See Exhibit 6 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

27. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the ’635 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the ’635 Patent.

28. Exhibit 6 includes charts comparing the Exemplary ’635 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the ’635 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary ’635 Patent Claims.

29. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

30. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 3: INFRINGEMENT OF THE ’293 PATENT

31. Plaintiff incorporates the above paragraphs herein by reference.

32. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the ’293 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the

charts incorporated into this Count below (among the “Exemplary Defendant Products”) that infringe at least the exemplary claims of the ’293 Patent also identified in the charts incorporated into this Count below (the “Exemplary ’293 Patent Claims”) literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the ’293 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

33. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary ’293 Patent Claims, by having its employees internally test and use these Exemplary Products.

34. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

35. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the ’293 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the ’293 Patent. See Exhibit 7 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

36. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the ’293 Patent, literally or by the doctrine of equivalents, by selling

Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the ’293 Patent.

37. Exhibit 7 includes charts comparing the Exemplary ’293 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the ’293 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary ’293 Patent Claims.

38. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 7.

39. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 4: INFRINGEMENT OF THE ’638 PATENT

40. Plaintiff incorporates the above paragraphs herein by reference.

41. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the ’638 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the “Exemplary Defendant Products”) that infringe at least the exemplary claims of the ’638 Patent also identified in the charts incorporated into this Count below (the “Exemplary ’638 Patent Claims”) literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the ’638 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

42. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary ’638 Patent Claims, by having its employees internally test and use these Exemplary Products.

43. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

44. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the ’638 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the ’638 Patent. See Exhibit 8 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

45. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the ’638 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the ’638 Patent.

46. Exhibit 8 includes charts comparing the Exemplary ’638 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the ’638 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary ’638 Patent Claims.

47. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

48. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

49. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the ’777 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly and indirectly one or more claims of the ’777 Patent;

C. A judgment that the ’635 Patent is valid and enforceable

D. A judgment that Defendant has infringed directly and indirectly one or more claims of the ’635 Patent;

E. A judgment that the ’293 Patent is valid and enforceable

F. A judgment that Defendant has infringed directly and indirectly one or more claims of the ’293 Patent;

G. A judgment that the ’638 Patent is valid and enforceable

H. A judgment that Defendant has infringed directly and indirectly one or more claims of the ’638 Patent;

I. An accounting of all damages not presented at trial;

J. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the ’777; ’635; ’293; and ’638 Patents, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

K. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: August 18, 2026

Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
Rabicoff Law LLC
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com

**Counsel for Plaintiff**
**ContentNexus LLC**